UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK COLEMAN,

                Plaintiff,                      Case No. 23-cv-10072

v.                                         HON. MARK A. GOLDSMITH

JESSICA R. COOPER, et al.,

                Defendants.

_____/

**OPINION & ORDER DISMISSING COMPLAINT (Dkt. 1)**

This matter is before the Court on the Court's own review of Plaintiff Derrick Devon Coleman's complaint (Dkt. 1). For the following reasons, the Court dismisses Coleman's complaint.

## I.     BACKGROUND

Coleman, who is incarcerated, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 challenging his state criminal proceedings. While Coleman states that he is raising a "malicious prosecution" claim, he really alleges that he was improperly sentenced on two charges (counts 9 and 10) that he believes were dismissed at the preliminary hearing prior to his plea on armed robbery and felony firearm charges.[1] Complaint at PageID.14. He names former Oakland County prosecutor Jessica R. Cooper, former assistant Oakland County prosecutor Kenneth E. Frazee, defense attorney Michael J. McCarthy, and Oakland County Circuit Court

---

[1] The Michigan Department of Corrections Offender Tracking Information System states that Coleman was convicted and sentenced on 11 counts—8 counts of armed robbery and 3 counts of felony firearm—pursuant to a plea in the Oakland County Circuit Court in 2017. See Coleman's Profile, mdocweb.state.mi.us/OTIS2/otis2profile.aspx/mdocNumber=981333.

Judge Phyllis C. McMillen as the defendants in this action and seeks a declaratory ruling (that the defendants violated federal and state law) and monetary damages.   Id. at PageID.15.   The Court has granted Coleman leave to proceed without prepayment of the fees and costs for this action pursuant to 28 U.S.C. § 1915(a)(1) (Dkt. 4).

## II.   ANALYSIS

Under the Prison Litigation Reform Act of 1996, the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).   The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A.   A complaint is frivolous if it lacks an arguable basis in law or in fact.   Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is to be construed liberally.   Haines v. Kerner, 404 U.S. 519, 520–521 (1972).   Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."   Fed. R. Civ. P. 8(a)(2), (3).   The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests."   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (punctuation modified).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

Coleman's complaint is subject to summary dismissal for several reasons.   First, Coleman challenges the validity of his state criminal proceedings in his complaint.   A claim under 42 U.S.C. § 1983, however, is an appropriate remedy for a state prisoner challenging a condition of imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).   This holds true regardless of the relief sought by the plaintiff. Id. at 487–489.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."   Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005).   The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for

challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486. If Coleman were to prevail on his claims, his continued confinement or duration of confinement (on at least two counts) would be called into question. Consequently, his civil rights complaint is barred by Heck and must be dismissed.

Second, Coleman names defense attorney Michael J. McCarthy as a defendant in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983. See Polk Co. v. Dodson, 454 U.S. 312, 318, 325 (1981); Elrod v. Michigan Supreme Ct., 104 F. App'x 506, 508 (6th Cir. 2004); see also Cicchini v. Blackwell, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because defendant McCarthy is not a state actor subject to suit under § 1983, Coleman's complaint against him must be dismissed.

Third, former prosecutors Cooper and Fazee and Judge McMillen are entitled to Eleventh Amendment immunity to the extent that Coleman sues them in their official capacities. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit, or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983, Quern v. Jordan, 440 U.S. 332, 341 (1979); Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "'bars all suits, whether for injunctive, declaratory or monetary relief,'" against a State and its agencies. McCormick v.

Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol Corp. v. Dep't of Treasury, 987

F.2d 376, 381 (6th Cir. 1993)), but does not preclude prospective injunctive relief.   McCormick,

693 F.3d at 662 (citing McKey v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000)).   Eleventh

Amendment immunity also applies to state employees who are sued in their official capacities.

See Hafer v. Melo, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985));

Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334,

344 (6th Cir. 2009)).

The Oakland County Circuit Court is part of the judicial branch of the state government,

and its employees are state employees.   It is part of Michigan's court system, which constitutes a

separate branch of state government.   Mich. Const. 1963, art. VI, § 1; see also Pucci v. Nineteenth

Dist. Ct., 628 F.3d 752, 763 (6th Cir. 2010) ("[T]here can be no doubt that all of Michigan's courts,

including those trial-level courts funded by local funding units, are part of one, unified judicial

branch of the state.").   The Michigan courts thus operate as arms of the state and are entitled to

the same sovereign immunity as the State of Michigan.   Pucci, 628 F.3d at 762-64; Chambers v.

Michigan, No. 10-12509, 2011 WL 940830, *3–*4 (E.D. Mich. March 16, 2011); Young v.

District & Supreme Cts. of Mich., No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18,

2011).   Such sovereign immunity extends to prosecutors and judges in the Michigan courts who

are sued in their official capacities.   Pucci, 628 F.3d at 764; Colvin, 605 F.3d at 289; Cady, 574

F.3d at 342-345; James v. Anderson, et al., No. 12-10273, 2018 WL 6171474, *15–*17 (E.D.

Mich. Nov. 26, 2018).   Defendants Cooper, Fazee, and McMillen are thus entitled to Eleventh

Amendment immunity, and Coleman's claims for damages against them in their official capacities

must be dismissed.

Fourth, to the extent that Coleman sues former prosecutors Cooper and Fazee and Judge McMillen in their individual capacities, they are entitled to absolute prosecutorial immunity and absolute judicial immunity, respectively.   Prosecutors are entitled to absolute immunity on claims for monetary damages under § 1983 for conduct intimately associated with the judicial phase of the criminal process.   See Imbler v. Pachtman, 424 U.S. 409, 430 (1976); Higgason v. Stephens, 288 F.3d 868, 878 (6th Cir. 2002); see also Van de Kamp v. Goldstein, 555 U.S. 335, 342–343 (2009).   This immunity covers a prosecutor's actions in preparing and filing charging documents, Kalina v. Fletcher, 522 U.S. 118, 129 (1997), and the decision file a criminal complaint.   Ireland v. Tunis, 113 F.3d 1435, 1446 (6th Cir. 1997).   It even applies when a prosecutor acts wrongfully or maliciously.   See Grant v. Hollenbach, 870 F.2d 1135, 1138 (6th Cir. 1989) (finding prosecutor absolutely immune from suit for allegedly conspiring to present false charges to grand jury). Defendants Cooper and Fazee are entitled to absolute prosecutorial immunity on any personal claims for damages arising from their advocacy in Coleman's state criminal proceedings.

Judges are similarly entitled to absolute judicial immunity on claims for monetary damages under § 1983.   See Mireles v Waco, 502 U.S. 9, 9-10 (1991) (per curiam) (finding judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly, or in excess of jurisdiction); Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994).[2]   Coleman's claims against Judge McMillen concern the performance of her judicial duties.   Judge McMillen is thus entitled to absolute judicial immunity on any personal claims for

---

[2] The 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief.   See 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable."); see also Kipen v. Lawson, 57 F. App'x 691 (6th Cir. 2003); Kircher v. City of Ypsilanti, 458 F. Supp. 2d 439, 446–447 (E.D. Mich. 2006).

damages against her.

### III.    CONCLUSION

For the reasons explained above, the Court concludes that Coleman fails to state a claim upon which relief may be granted under § 1983 in his complaint based upon Heck, the fact that defendant McCarthy is not a state actor subject to suit in this action, and the fact that defendants Cooper, Frazee, and McMillen are entitled to Eleventh Amendment immunity and absolute immunity.   Accordingly, the Court dismisses with prejudice Coleman's civil rights complaint.[3] The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.   See 28 U.S.C. § 1915(a)(3); Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:   February 10, 2023                              s/Mark A. Goldsmith
         Detroit, Michigan                              MARK A. GOLDSMITH
                                                        United States District Judge

---

[3] This dismissal is without prejudice to any habeas action that Coleman may bring challenging his state criminal convictions and sentences, as well as any subsequent civil rights action should any of his convictions or sentences be overturned.